IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GB BIOSCIENCES CORPORATION, GB BIOSCIENCES HOLDINGS INC., and ZENECA AG PRODUCTS HOLDINGS INC., <br><br> Plaintiffs, <br><br> v. <br><br> ISHIHARA SANGYO KAISHA, LTD., <br><br> Defendant. | Civ. No. 02-1584-SLR |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of March, 2007, having reviewed the pending motions to dismiss filed by defendant, and the papers filed in connection therewith;

IT IS ORDERED that both motions (D.I. 95, 122) are denied. The parties to this litigation have an ongoing business relationship based on certain ongoing environmental cleanup obligations and defendant's related contractual indemnity obligations. The parties have what appears to be an ongoing dispute about defendant's performance under its contractual indemnity obligations. Given the fact intensive nature of this complex relationship, I decline to try to divine whether plaintiffs' view, or defendant's view, of the dispute is the more correct one via the procedural vehicle chosen by defendant, that is, motions to dismiss. On the other hand, the papers suggest that mediation, rather than litigation, is an appropriate vehicle for resolution of the pending dispute. Therefore, should the parties agree, I am willing to dedicate up to

three (3) hours on April 4, starting at 9:30 a.m. (i.e., in lieu of oral argument) to help the parties resolve their outstanding differences. On or before March 30, 2007 by 4:30 p.m., the parties shall inform my chambers whether or not they have agreed to talk to me and to each other in this regard. If so, the parties shall be represented on April 4 by corporate officers with the authority to bind their employers to any settlement terms that the parties might reach.

IT IS FURTHER ORDERED that plaintiffs' "supplemental" complaints are not stricken, even though filed without approval of the court, so long as only the factual bases of the claims asserted in the complaint are "supplemented" and no new substantive claims have been asserted.

_____
United States District Judge